**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 11 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAROLD D. HARDEN, | No. 16-15328 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00560-JAD-NJK |
| v. | |
| SOBORO; BROWN, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted May 8, 2017**

Before:    REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Nevada state prisoner Harold D. Harden appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging due process and

access-to-courts claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo the district court's ruling on cross-motions for summary judgment.

---

&ast;      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

&ast;&ast;      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011).  We affirm.

The district court properly granted summary judgment on Harden's due process claim arising from an alleged unlawful deprivation of property because Harden failed to raise a genuine dispute of material fact as to whether he lacked an adequate postdeprivation remedy under Nevada law.  *See* Nev. Rev. Stat. §§ 41.031, 41.0322, 209.243; *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.").

The district court properly granted summary judgment on Harden's access-to-courts claim because Harden failed to raise a genuine dispute of material fact as to whether defendants caused an actual injury to a nonfrivolous claim.  *See Lewis v. Casey*, 518 U.S. 343, 348-49, 354-55 (1996) (setting forth elements of an access-to-courts claim and actual injury requirement).

We do not consider matters not specifically and distinctly raised and argued in appellant's opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**